UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID J. HERBERT,<br>    PLAINTIFF, | :<br>:<br>: CIVIL ACTION NO. 3:08cv1945(VLB)<br>: |
| v. | : JANUARY 24, 2012<br>: |
| NATIONAL AMUSEMENTS, INC.<br>    DEFENDANT. | :<br>: |

<u>ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE TRIAL AND DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANT'S SALE OF ITS THEATERS TO RAVE MANEGMENT [DKT. ## 69 and65]</u>

### A. Motion to bifurcate

Defendant has moved to bifurcate the liability and damages phases of the trial on the basis that such action is warranted to prevent undue prejudice against Defendant. This is an employment discrimination case in which the Plaintiff is seeking damages for economic and noneconomic damages customarily sought in similar cases. "The decision to bifurcate into phases lies within the sound discretion of the trial court." *Sverge v. Mercedes-Benz Credit Corp.*, 329 F.Supp.2d 283, 284 (D.Conn. 2004) (citing Fed.R.Civ. P. 42(b)). The "separation of issues for trial is not to be routinely ordered. Ordinarily, a jury is entitled to hear all of the evidence and deliberate over all of the issues in the case at one time…Bifurcation is thus the exception, not the rule, and the movant must justify bifurcation on the basis of substantial benefits that it can be expected to produce." *Id.* (internal quotation marks and citations omitted).

1

Here, Defendant has cited no unusual facts or circumstances tending to prove that there are substantial benefits warranting this exceptional measure. There will always be some measure of prejudice inherent in any action where evidence on liability and damages are presented together. The fact that there will ordinarily be some amount of prejudice does not provide adequate justification warranting an exception to the longstanding rule that a jury is entitled to hear all of the evidence. To permit an exception in every such instance would result in the exception swallowing the rule.

As the *Sverge* court noted, courts have long addressed this inherent potential for prejudice through "cautionary instructions at the outset of the case and throughout the trial that are designed to emphasize that jurors must not be swayed by sympathy and that they have a duty to consider the evidence and the claims fairly and impartially." *Id.* at 284-85.

In addition, Plaintiff's alleged damages are relatively straightforward and commonplace. Bifurcation will therefore likely frustrate not promote judicial economy if the jury returns a verdict for Plaintiff. Lastly, the potential for confusion is minimal considering the relatively straightforward nature of Plaintiff's age discrimination claim and the nature of his alleged damages. As the *Sverge* court concluded in cases which are "not so complicated and liability issues are not so numerous or complex" the jury is unlikely to be "distracted from their task on liability by the presence of testimony and exhibits relating to damages…Good lawyering and careful instruction should keep the jury focused and on task even if liability and damages are tried together." *Id.* at 285. The

2

Court is confidant in the ability of counsel to properly focus and keep the jury on task during the course of this relatively routine and straightforward trial.  Since Defendant has failed to demonstrate that the particular claims and damages at issue are unique or unusually challenging, it has not satisfied its burden to establish that bifurcation would produce substantial benefits warranting departure from the long standing practice of presenting the entire case to the jury.  Defendant's motion to bifurcate the trial is accordingly DENIED.

    B. *Motion in limine to exclude evidence of Defendant's sale of its theater to Rave Management*

Defendant has moved to preclude Defendant from introducing testimony or evidence regarding the circumstances of Defendant's sale of many of its theaters to Rave Cinemas LLC as well as evidence concerning the post-sale employment of former Showcase Cinemas employees with Rave as irrelevant, prejudicial and without any probative value.  In response to Defendant's *motion in limine*, Plaintiff has indicated that the parties have agreed to stipulated facts regarding the sale of its theater to Rave for purposes of limiting the potential recovery of an award of backpay since all of Defendant's employees were terminated when Defendant sold its theaters to Rave Cinemas LLC.  Plaintiff has further indicated that he has no intention of introducing further evidence beyond the stipulated facts and "has no objection to granting of the Defendant's motion with respect to the 'Rave Information' provided that such motion has no impact on the agreed upon stipulations of fact and that they will be read to the jury." [Dkt.# 73, Pl. Mem. at 9].  Defendant's *motion in limine* is therefore DENIED by consent without

prejudice to renewing the objection should Plaintiff introduce evidence pertaining to Rave Cinemas LLC at trial beyond the stipulations of fact.

IT IS SO ORDERED.

_____/s/_____

Hon. Vanessa L. Bryant

United States District Judge

Dated at Hartford, Connecticut: January 24, 2012